IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. 05-20010 B

ALBERT KIN LEE,

    Defendant.

---

ORDER DENYING DEFENDANT'S MOTION TO TRANSFER TRIAL
FOR CONVENIENCE

---

On April 6, 2005, this Court denied the motion of the Defendant, Albert Kin Lee, to dismiss the indictment in this matter for lack of proper venue. Lee has been indicted for attempting to persuade, induce, entice and coerce a 14-year-old female into traveling from the Western District of Tennessee to the State of California for the purposes of engaging in sexual conduct, in violation of 18 U.S.C. § 2422. Upon finding venue proper in this district, the Court noted that the Defendant's concerns regarding the location of relevant witnesses and records did not negate venue but would more appropriately be the subject of a motion to transfer under Rule 21 of the Federal Rules of Criminal Procedure. That motion, seeking the transfer of this matter to the Northern District of California, is currently before the Court.

Fed. R. Crim. P. 21(b) provides that, "[u]pon the defendant's motion, the court may transfer the proceeding, or one or more counts, against that defendant to another district for the convenience of the parties and witnesses and in the interest of justice." In Platt v. Minnesota Mining & Mfg. Co., 376 U.S. 240, 84 S.Ct. 769, 11 L.Ed.2d 674 (1964), the Supreme Court cited with approval a list of

This document entered on the docket sheet in compliance with Rule 55 and/or 32(b) FRCrP on _____

factors pertinent to a determination of whether a case should be transferred "in the interest of justice," including "(1) location of [the] defendant; (2) location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's [life] unless the case is transferred; (6) expense to the parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any other special elements which might affect the transfer." Platt, 376 U.S. at 243-44, 84 S.Ct. at 771; see also United States v. Collins, No. 91-5215, 1992 WL 31302, at *4 (6th Cir. Feb. 20, 1992); United States v. Ashland Oil, Inc., 457 F.Supp. 661, 663 (W.D. Ky. 1978); 2 Charles Alan Wright, Federal Practice and Procedure § 344 (3d ed. 2000). The burden rests on the Defendant to demonstrate that transfer would serve the purposes of the Rule. United States v. Tripp, Nos. 91-5129, 91-5130, 1991 WL 203756, at *5 (6th Cir. Oct. 7, 1991). Whether to transfer a case to another district lies within the discretion of the trial judge. Collins, 1992 WL 31302, at *4. It is further within the Court's discretion to balance the Platt factors and to determine which factors are to be given greater weight. Id. "Ordinarily the various factors appear in combination, with some pointing in favor of transfer and others against transfer." 2 Charles Alan Wright, supra, at § 344.

In support of his motion, the Defendant contends that, at all times during the period in which he and an FBI agent posing as a 14-year-old allegedly engaged in instant messaging, electronic mail and telephone conversations, he, along with the electronic and telephonic communications devices used to make those contacts, were physically located in the Northern District of California. In addition, the airline ticket allegedly purchased and forwarded to the Western District of Tennessee was purchased on and forwarded to this district by way of a computer located in the Northern District of California. In December 2004, the Defendant was met and interviewed at the San Francisco,

California airport by agents from the FBI's San Francisco office. His vehicle, parked at the San Francisco airport, was searched, along with his San Francisco home and Emeryville, California office.

Lee also avers that virtually all possible witnesses for both parties are located in the San Francisco Bay area, as is his counsel of choice, Garrick Lew. Moreover, the criminal docket in the Northern District of California, according to Lee, moves cases to trial on average some six weeks faster than the Western District of Tennessee. Further, he cites the ill health of his aging parents, both of whom live in California and require his regular assistance; and the hotel and travel expenses to be incurred in connection with the numerous trips from California and Memphis that will be necessary throughout the pendency of this matter. As a "special element" for purposes of the Platt factors, the Defendant suggests the Government "artificially created" venue in this district.

The Court recognizes at the outset that "[c]riminal defendants have no constitutional right to have a trial in their home districts, nor does the location of the defendant's home have independent significance in determining whether transfer to that district would be in the interest of justice." United States v. Zylstra, 713 F.2d 1332, 1336 (7th Cir.), cert. denied, 464 U.S. 965, 104 S.Ct. 403, 78 L.Ed.2d 344 (1983) (internal quotation marks omitted); see also Platt, 376 U.S. at 245-46, 84 S.Ct. at 772. In response to the motion, the Government advises the Court that the FBI task force officers who conducted the undercover investigation and analysis of the electronic evidence are located in Memphis. In addition to the evidence originating in this district, the Government also states that other evidence has already been received from California and processed here. FBI agents from the San Francisco office will be available for trial in the Western District of Tennessee. The prosecution further points to Lee's communications to this district, including providing the minor

3

female with his cellular telephone number and making interstate telephone calls to her in Memphis.

In this case, the location of the Defendant, as well as the expense of travel and the effect on his ability to care for his parents, weigh in his favor. Since the docket conditions in both districts are relatively equal and Lee has counsel both here and in California, these factors militate to the benefit of neither party. The "special elements" factor offers negligible assistance to the Defendant, as the Court has already ruled that venue is proper in this district. The remaining Platt considerations, including the location of witnesses, events in issue and documents, fall on the Government's side of the scale. In so finding, the Court notes that, although the Defendant claims that "virtually all possible witnesses" are located in California, he does not identify them. In balancing the Platt factors, and upon reviewing the particular facts of this case, the Court concludes that the Defendant has failed to establish that transfer is appropriate. See United States v. Jordan, 223 F.3d 676, 685-86 (7th Cir. 2000) (denial of Rule 21 motion for transfer from Chicago to Puerto Rico not an abuse of discretion where the alleged crimes were committed in Chicago, not Puerto Rico, and most of the witnesses would be from Chicago, even though the defendant and his family resided in Puerto Rico at the time of trial and the court acknowledged that a Chicago trial would "impose extreme economic, emotional and logistic hardship on the defendant and his entire family."); United States v. Perry, 152 F.3d 900, 904 (3d Cir. 1998), cert. denied, 525 U.S. 1168, 119 S.Ct. 1088, 143 L.Ed.2d 89 (1999) (no abuse of discretion in denial of motion for transfer where the government's chief witnesses and the alleged victim were in Nebraska and the bulk of the investigative work and most of the records were there). Accordingly, the motion to transfer is

DENIED.

IT IS SO ORDERED this 13th day of June, 2005.

_____
J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 41 in case 2:05-CR-20010 was distributed by fax, mail, or direct printing on June 15, 2005 to the parties listed.

Dan Newsom
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Michael J. Stengel
STENGEL LAW FIRM
50 North Front Street
Ste. 850
Memphis, TN 38103--111

Honorable J. Breen
US DISTRICT COURT